# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAYFUN TAN, </br></br> Plaintiff, </br></br> v. </br></br> TRUSTGHQ, </br> JANE DOE a/k/a "JUDITH KSINKY," </br> JOHN DOES 1-10, </br> BINANCE HOLDINGS LTD. d/b/a </br> BINANCE.COM, </br> DAPPS PLATFORM, INC. </br> d/b/a TRUST WALLET, </br> TETHER LIMITED, </br> TETHER OPERATIONS LIMITED, and </br> CIRCLE INTERNET FINANCIAL, LLC, </br></br> Defendants. | Case No.: 24-cv-5189 </br></br> Hon. John F. Kness </br></br> **JURY TRIAL DEMANDED** |

## DECLARATION OF RONALD BALFOUR

I, Ronald D. Balfour, declare as follows:

1. I am over 18 years old, of sound mind, and make this Declaration based on my personal knowledge.

2. I am counsel for Plaintiff Tayfun Tan in this case.

3. Pursuant to Fed. R. Civ. P. 65(b)(1)(B), I believe that a temporary restraining order should be issued *ex parte* and without notice to Defendants TrustGHQ or Jane Doe in this matter.

4. I am not currently aware of the identity of any natural person associated with TrustGHQ or Jane Doe. I intend to use the discovery process to try and identify individuals associated with TrustGHQ, and potentially Jane Doe as well. This process will included written discovery and third-party subpoenas to the cryptocurrency exchanges associated with

1

cryptocurrency wallets where Plaintiff's funds were transferred for information regarding the owners of those wallets, as well as a subpoena to Meta for information regarding the WhatsApp accounts used by Jane Doe to correspond with Plaintiff.

5. Prior to obtaining this information in discovery, notice could potentially, theoretically be given to TrustGHQ through the same WhatsApp accounts that Jane Doe used to correspond with Plaintiff. However, I believe there is a strong likelihood that providing notice of this proceeding prior to the wallet at issue being frozen would cause all funds to be drained from the wallet in such a way that they are difficult to trace. I base this belief on this following:

 a. Jane Doe and TrustGHQ stole 111.99 Ether (ETH) from Plaintiff through a sophisticated scheme;

 b. Jane Doe and TrustGHQ "layered" the stolen funds through a series a transactions specifically designed to make them difficult to trace;

 c. Nearly all of the 111.99 of stolen Ethen was transferred to cryptocurrency wallets that have since been emptied;

 d. TrustGHQ appears to be based internationally, with its domain having been registered in China;

 e. Defendants may be the subject of criminal investigation, based on information Plaintiff has provided to law enforcement and also based on a publication by the Washington State Department of Financial Institutions indicating it received allegations of substantial theft under circumstances similar to those in this case;

 f. TrustGHQ made a point of stealing cryptocurrency assets, specifically, which can be moved easily and anonymously

6. The requested relief will merely freeze the availability of the funds to TrustGHQ. Once *ex parte* relief and leave to conduct expedited discovery are granted, Plaintiff will be able to appear before this Court to explain why relief should be extended and why subsequent notice given using the limited available information would be sufficient for purposes of entering a preliminary injunction. Once such notice is provided, TrustGHQ will have an opportunity to challenge the

equitable relief if it is so inclined. Accordingly, TrustGHQ will not be prejudiced by the requested *ex parte* relief.

FURTHER DECLARANT SAYETH NOT

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 30, 2024

*/s/ Ronald D. Balfour*